```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x    12-CV-8212
MARIAN M. INGUANZO,

                Plaintiff,
                                             **ANSWER TO COMPLAINT**
            v.

HOUSING & SERVICES, INC., KRISTI
KIMMERLE-CLENTI AND DERRICK HORTON,

                Defendants.
----------------------------------------x
```

Defendants, Housing & Services, Inc. and Kristi Kimmerle-Clenti, by their attorneys, HOEY, KING, TOKER & EPSTEIN, answer the Complaint of the Plaintiff by stating as follows:

1. Deny, upon information and belief, the allegations of paragraph 1, except to admit that Plaintiff purports to bring this action charging that Defendants violated Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. §§ 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII") and the New York City Human Rights Law, Administrative Code § 8-107 et. seq. ("NYCHRL"), seeking to recover lost wages, emotional distress, punitive damages, reasonable attorneys' fees and costs.

2. Deny, upon information and belief, the allegations of paragraph 2.

3. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and respectfully refers all questions of law to this Honorable Court.

4. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and respectfully refers all questions of law to this Honorable Court.

5. Admits allegations of paragraph 5.

6. Admits allegations of paragraph 6.

7. Admits allegations of paragraph 7.

8. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Admits allegations of paragraph 9.

10. Admits allegations of paragraph 10.

11. Admits allegations of paragraph 11.

12. Admits allegations of paragraph 12.

13. Admits allegations of paragraph 13.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Admits allegations of paragraph 15.

16. Admits allegations of paragraph 16

17. Admits allegations of paragraph 17.

18. Admits allegations of paragraph 18

19. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Admits allegations of paragraph 20.

21. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. Admits allegations of paragraph 23.

24. Deny, upon information and belief, the allegations of paragraph 24.

25. Deny, upon information and belief, the allegations of paragraph 25.

26. Admits allegations of paragraph Admits allegations of paragraph 26.

27. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

30. Deny, upon information and belief, the allegations of paragraph 30.

31. Deny, upon information and belief, the allegations of paragraph 31.

32. Deny, upon information and belief, the allegations of paragraph 32.

33. Deny, upon information and belief, the allegations of paragraph 33.

34. Deny, upon information and belief, the allegations of paragraph 34.

35. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Deny, upon information and belief, the allegations of paragraph 37.

38. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.  Deny, upon information and belief, the allegations of paragraph 39.

40.  Deny, upon information and belief, the allegations of paragraph 40, except to admit that When Plaintiff INGUANZO asked to be considered for the Program Manager position permanently, Defendant KIMMERLE responded that such a position would have to be filed by someone with a Licensed Master Social Worker degree, which degree Plaintiff INGUANZO does not have.

41.  Deny, upon information and belief, the allegations of paragraph 41.

42.  Deny, upon information and belief, the allegations of paragraph 42.

43.  Deny, upon information and belief, the allegations of paragraph 43.

44.  Deny, upon information and belief, the allegations of paragraph 44.

45.  Deny, upon information and belief, the allegations of paragraph 45.

46.  Deny, upon information and belief, the allegations of paragraph 46.

47.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.  Deny, upon information and belief, the allegations of paragraph 48.

49.  Deny, upon information and belief, the allegations of paragraph 49.

50.  Deny, upon information and belief, the allegations of paragraph 50.

51.  Deny, upon information and belief, the allegations of paragraph 51.

52.  Deny, upon information and belief, the allegations of paragraph 52, except to admit that Plaintiff INGUANZO took her complaints of discrimination to the New York State Division of Human Rights.

53.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.  Deny, upon information and belief, the allegations of paragraph 54.

55.  Deny, upon information and belief, the allegations of paragraph 55.

56.  Deny, upon information and belief, the allegations of paragraph 56.

57.  Deny, upon information and belief, the allegations of paragraph 57.

58. Deny, upon information and belief, the allegations of paragraph 58, except to admit that Resources Manager informed Plaintiff INGUANZO that she was not eligible for such a position because she did not have a Licensed Master Social Worker degree.

59. Deny, upon information and belief, the allegations of paragraph 59.

60. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61. Deny, upon information and belief, the allegations of paragraph 61.

62. Deny, upon information and belief, the allegations of paragraph 62.

63. Deny, upon information and belief, the allegations of paragraph 63.

64. Deny, upon information and belief, the allegations of paragraph 64.

65. Deny, upon information and belief, the allegations of paragraph 65.

66. Deny, upon information and belief, the allegations of paragraph 66, except to admit that On November 3, 2011, Defendant HSI terminated Plaintiff INGUANSO's employment.

67. Deny, upon information and belief, the allegations of paragraph 67.

68. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69. Deny, upon information and belief, the allegations of paragraph 69.

70. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and respectfully refers all questions of law to this Honorable Court.

72. Deny, upon information and belief, the allegations of paragraph 72.

73. Respond to paragraph 73 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

74. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and respectfully refers all questions of law to this Honorable Court.

75. Deny, upon information and belief, the allegations of paragraph 75.

76. Respond to paragraph 76 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

77. Admit the allegations of paragraph 77.

78. Deny, upon information and belief, the allegations of paragraph 78.

79. Respond to paragraph 79 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length

80. Admit the allegations of paragraph 80.

81. Deny, upon information and belief, the allegations of paragraph 81.

82. Respond to paragraph 82 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

83. Admit the allegations of paragraph 83.

84. Deny, upon information and belief, the allegations of paragraph 84.

85. Respond to paragraph 85 of the Complaint by repeating, reiterating, and realleging all responses given to the

paragraphs referred to therein with the same force and effect as if herein set forth at length.

86. Admit the allegations of paragraph 86.

87. Deny, upon information and belief, the allegations of paragraph 87.

88. Respond to paragraph 88 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

89. Admit the allegations of paragraph 89.

90. Deny, upon information and belief, the allegations of paragraph 90.

91. Respond to paragraph 91 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

92. Admit the allegations of paragraph 92.

93. Deny, upon information and belief, the allegations of paragraph 93.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

94. The Complaint is barred, in whole or in part, by the applicable Statute of Limitations and/or administrative filing periods and/or by the failure to satisfy the statutory and

administrative prerequisites to the bringing of a legal action. Plaintiff's Title VII claims are barred by the applicable Statute of Limitations to the extent they are based on conduct alleged to have occurred more than 300 days prior to the filing of the Charge of Discrimination with the EEOC.  Plaintiff has not satisfied the procedural prerequisites to suit set forth in Title VII of the Civil Rights Act to the extent that the allegations in the Complaint are not encompassed within the scope of a timely filed EEOC charge.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

95.   The causes of action alleged in the Complaint of the Plaintiff fail to properly state, specify or allege a cause of action on which relief can be granted as a matter of law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

96.   That recovery, if any, on the Complaint of the Plaintiff shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

97.   That if it is determined that these answering Defendants are responsible for the acts alleged in the Complaint

then Plaintiff failed to take appropriate action to mitigate any damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

98. Plaintiff is not entitled to recover punitive damages on the claims of discrimination because, at all relevant times, defendants have engaged in good faith efforts to comply with all laws prohibiting discrimination in employment.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

99. The Worker's Compensation Law of the State of New York is the exclusive remedy against these Defendants for emotional, mental or physical injuries.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

100. That the defendants had legitimate non-discriminatory reason(s) for each action taken. If and to the extent that any action taken was motivated by an impermissible consideration, which is expressly denied, defendants would have taken the same action for legitimate non-discriminatory reasons.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

101. The defendants are not vicariously liable for the acts of their employees or employees of other entities.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

102. That there is no legal basis to hold the individual defendants liable.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

103. Subject to proof during discovery, all or part of plaintiff's claims for damages are barred or limited by the doctrine of after-acquired evidence.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

104. Defendants neither knew of nor condoned or ratified the alleged misconduct, and therefore is not legally responsible for it. Defendants are not liable for an act committed by an employee not within the scope of employment.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSES
### THESE ANSWERING DEFENDANTS ALLEGE AS
### FOLLOWS:

105. At all times relevant hereto, these answering defendants exercised reasonable care to prevent and correct promptly any allegedly discriminatory behavior. Any damages assessed against these answering defendants, if any, should be mitigated by virtue of the factors set forth in sections 8-107(13)(d) and (e) and 8-126(b) of the Administrative Code of the City of New York.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### THESE ANSWERING DEFENDANTS ALLEGE AS
### FOLLOWS:

106. Because no discovery has been taken at this stage of the case as well as the generalized allegations made in the Complaint, defendants reserve the right to file and serve additional defenses.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### THESE ANSWERING DEFENDANTS ALLEGE AS
### FOLLOWS:

107. That if it is determined that these answering Defendants are responsible for the acts alleged in the Complaint then Plaintiff failed to take appropriate action to mitigate any damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

108. The Plaintiff was an employee-at-will and any actions taken by Defendants were proper.

WHEREFORE, these Defendants demand judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against these Defendants, then these Defendants further demand that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and these Defendants further demand judgment against each other party on the respective crossclaims and/or counterclaims.

DATED: January 14, 2013
       New York, New York

                              Yours, etc.,

                              **HOEY, KING, EPSTEIN, PREZIOSO & MARQUEZ**
                              Attorneys for Defendants
                              **HOUSING & SERVICES, INC.**
                              **KRISTI KIMMERLE-CLENTI**
                              Office and Post Office Address
                              55 Water Street, 29th Floor
                              New York, New York 10041-2899
                              (212) 612-4200
                              By: _____
                              Rhonda L. Epstein

To:

Phillips & Phillips
Attorneys for Plaintiff, Marian M. Inguanzo
30 Broad Street, 35th Floor
New York, New York 10004

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x      12-CV-8212
MARIAN M. INGUANZO,

                 Plaintiff,
                                                            AFFIDAVIT OF SERVICE
            v.

HOUSING & SERVICES, INC., KRISTI KIMMERLE-
CLENTI AND DERRICK HORTON,

                 Defendants.
----------------------------------------x

STATE OF NEW YORK       )
                        ss.
COUNTY OF NEW YORK      )
```

Maria M. SanJose, being duly sworn, deposes and says:

1. That I am over the age of eighteen years and not a party to this action.

2. That on January 14, 2013, I served upon:

Phillips & Phillips
Attorneys for Plaintiff, Marian M. Inguanzo
30 Broad Street, 35th Floor
New York, New York 10004

A true copy of the annexed **ANSWER TO COMPLAINT**, by depositing it endorsed in a postpaid properly addressed wrapper, in a post office or, official depository under the exclusive care and custody of the United States Postal Service within the State of New York, at the address

designated by him or her upon the last paper served by him or her in the action.

DATED: January 14, 2013
       New York, New York

_____
Maria M. SanJose

Sworn and subscribed
Before me on January 14, 2013

_____
Notary Public

MARIA SIMIOLI
Notary Public, State of New York
No. 01SI6249488
Qualified in Richmond County
Commission Expires 10/11/2018

12-CV-8212

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIAN M. INGUANZO,

        Plaintiff,

   against

HOUSING & SERVICES, INC., KRISTI KIMMERLE-CLENTI AND DERRICK HORTON,

        Defendants.

---

**ANSWER TO COMPLAINT**

---

HOEY, KING, EPSTEIN, PREZIOSO & MARQUEZ
Attorneys for Defendants
**Housing & Services, Inc. and Kristi Kimmerle-Clenti**
Office and Post Office Address
55 Water Street, 29th Floor
New York, New York 10041-2899
(212) 612-4200