UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAN M. INGUANZO,

                Plaintiff,

-*against*-

HOUSING & SERVICES, INC., KRISTI KIMMERLE-CILENTI, *Individually*, and DERRICK HORTON, *Individually*,

                Defendants.

**OPINION & ORDER**

12-cv-8212 (ER)

RAMOS, D.J.:

      On November 13, 2012, Marian Inguanzo filed this action against Housing & Services, Inc., Kristi Kimmerle, and Derrick Horton (collectively, "Defendants") pursuant to Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law, alleging discrimination based on her gender, race, and national origin, as well as retaliation in connection with her complaints regarding the alleged discrimination. Doc. 1 ¶ 1. Defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56 on November 8, 2013. On September 19, 2014, the Court granted Defendants' motion for summary judgment in its entirety and directed the Clerk of the Court to close the case. On October 15, 2015, Inguanzo appealed the case, and the Second Circuit affirmed the Court's decision on November 30, 2015.

      Inguanzo has now filed a motion to seal the case records pursuant to Fed. R. Civ. P. 5.2 on July 10, 2025—nearly 10 years after the case was closed. Specifically, Inguanzo requests that the Court seal the case in full or, alternatively, redact all personally identifying information and that the Court issue an order preventing publication or republication of all case contents "to protect [Inguanzo's] privacy and prevent further harm caused by continued online exposure."

Doc. 41 at 1.

Based on this Court's review of the motion and materials sought to be sealed or redacted, the motion is denied. The Second Circuit has held that there is no "generalized right of privacy enjoyed by participants in judicial proceedings." *United States v. Sealed Defendant One*, 49 F.4th 690, 699 (2d Cir. 2022). In order to justify sealing and overcome the presumption of access to judicial documents, a plaintiff must demonstrate that sealing is "essential to preserve higher values" such as the privacy of innocent third parties or law-enforcement interests, and that the requested sealing is "narrowly tailored to serve" those values. *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Here, Inguanzo has done neither. Inguanzo seeks to seal the "full case dockets and associated filings," Doc 41 at 3, which is an overly broad request, *Doe v. Stanford*, No. 23-cv-1827 (LTS), 2023 WL 5016969, at *4 (S.D.N.Y. Aug. 7, 2023) ("To the extent that Plaintiff seeks to seal entire exhibits simply because they mention his full name, such requests are denied.").

Inguanzo's request that the Court issue an order preventing (re)publication of "the contents of the case to protect [her] privacy and prevent further harm by continued online exposure" is also denied. Doc. 41 at 1. "As the Second Circuit has noted, the Court has no ability to make private that which has already become public." *Jin v. Choi*, No. 20-cv-09129 (MKV) (SDA), 2021 WL 3159808, at *1 (S.D.N.Y. June 17, 2021) (citing, *inter alia*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)) (Once "[t]he genie is out of the bottle," a court does "not [have] the means to put the genie back.").

The motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 41.

SO ORDERED.

Dated: August 8, 2025
       New York, New York

                                                EDGARDO RAMOS, U.S.D.J.